J-A12021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC., AND MARK TOMEI, PERSONAL REPRESENTATIVE OF THE ESTATE OF VINCENT TOMEI, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | No. 2144 EDA 2024 |
| THOMAS R. TOMEI AND JEANETTE M. TOMEI | : | |
| Appellants | : | |

Appeal from the Judgment Entered January 14, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2013-005775

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC., AND MARK TOMEI, PERSONAL REPRESENTATIVE OF THE ESTATE OF VINCENT TOMEI, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | No. 2032 EDA 2024 |
| THOMAS R. TOMEI AND JEANETTE M. TOMEI | : | |
| APPEAL OF: ESTATE OF MARIE TOMEI | : | |

Appeal from the Judgment Entered January 14, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2013-005775

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC., AND MARK TOMEI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VINCENT TOMEI, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td>No. 2033 EDA 2024</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>THOMAS R. TOMEI AND JEANETTE M.</td><td>:</td><td></td></tr>
<tr><td>TOMEI</td><td>:</td><td></td></tr>
</table>

Appeal from the Judgment Entered January 14, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2013-005775

BEFORE: LAZARUS, P.J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED JULY 22, 2026**

In these consolidated cross-appeals,[1] Intervenor Estate of Marie Tomei, Deceased (Intervenor) and Plaintiffs H&H Manufacturing Company, Inc. (H&H), and Mark Tomei, as Personal Representative of the Estate of Vincent Tomei, Deceased, (collectively, Plaintiffs/Appellants/Cross-Appellees) appeal from the judgment[2] entered on the trial court's order granting Thomas R.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On February 26, 2025, our Court entered an order consolidating the appeals at 2032 EDA 2024 and 2033 EDA 2024 (joint appeal), designating 2032 EDA 2024 as the lead docket number in this appeal. **See** Order, 2/26/25, at 2; **see also** Pa.R.A.P. 513. The order further named the Intervenor Estate of Marie Tomei, Deceased, H&H, and Mark Tomei, in his capacity as personal representative of the Estate of Vincent Tomei, Deceased, as Appellants and Thomas Tomei and Jeanette Tomei as Appellees in the joint appeal. **Id.** Our Court then consolidated the joint appeal as a cross-appeal with the appeal at 2144 EDA 2024 (collectively, consolidated cross-appeals). **Id.** For purposes of the appeal at 2144 EDA 2024, Thomas and Jeanette were designated Cross-Appellants in their own right and the Intervenor Estate of Marie Tomei, Deceased, H&H, and Mark Tomei were designated Cross-Appellees. **Id.**

[2] The parties' notices of appeal state that they are appealing and cross-appealing from a June 26, 2024 order, granting Thomas' petition for attorneys' fees and costs, that was entered on the docket, with Pa.R.C.P. 236 notice
*(Footnote Continued Next Page)*

Tomei and Jeanette M. Tomei's (h/w) (collectively, Defendants/Appellees/Cross-Appellants) petition for counsel fees and costs in the amount of $205,000.00 following a remand order from this Court. After careful consideration, we vacate and remand with instructions.

A prior panel of this Court summarized the relevant facts of this unnecessarily protracted matter:

> This appeal flows out of a dispute over the ownership and management of H&H Manufacturing Company, Inc.[, a company that manufactures parts for industrial turbines]. Appellant Vincent Tomei is the father of Appellee Thomas R. Tomei and father-in-law of Appellee Jeanette M. Tomei. Vincent Tomei is a long-time owner, director[,] and officer of H&H and has been involved with the management of H&H since December 31, 1969. Vincent hired his son, Thomas, as an employee of H&H and Thomas later became the president of H&H. However, on June 3, 2013, the board of directors of H&H terminated Thomas as the president of H&H. This litigation over ownership of the company and individual claims by Thomas and Vincent ensued. As we have previously explained, this litigation began when:
>
> > [H&H and Vincent] instituted the current action on June 11, 2013, by filing a writ of summons. Within [their] third

---

given to the parties on July 5, 2024. On December 18, 2024, our Court issued a rule to show cause directing the parties in the joint appeal and consolidated cross-appeal to explain "why the appeal[s] should not be quashed where judgment has not yet been entered on the award of attorney[s'] fees and costs and where this Court cannot direct the parties to *praecipe* for the entry of judgment, as the August 5, 2024 supplemental motion for attorney[s'] fees filed by Appellants remains pending before the trial court." Order, 12/18/24, at 2. In response to the parties' responses to the Court's show-cause order, our Court directed Appellants to *praecipe* the trial court prothonotary to enter judgment on the trial court's decision and certify a copy of the trial court docket reflecting the entry of judgment. *See* Order, 1/3/25. On January 14, 2025, the trial court prothonotary entered judgment on the trial court's order granting attorneys' fees and costs. Thus, this appeal, from the judgment, is properly before us. *See* Pa.R.A.P. 905(a)(5).

amended complaint, [they] levied 12 claims[3] against [Thomas and Jeanette Tomei]. Thomas Tomei filed a responsive pleading to the complaint that contained various counterclaims against Vincent Tomei, including counterclaims for conversion and breach of contract. [Thomas claimed that Vincent breached a 2004 Employment Agreement by attempting to alter his position as H&H president without cause and notice pursuant to the Employment Agreement's terms.] Jeanette Tomei filed a separate answer to [the] complaint and denied liability. [After Defendants answered the original complaint, Marie L. Tomei,4 now deceased, was granted permission to intervene in the proceedings. She later filed a complaint against Defendants].

The case proceeded to an eight-day bench trial and, on November 30, 2017, the trial court entered its findings of fact, conclusions of law, and decision in the matter. Specifically, the trial court found in favor of [Thomas and Jeanette] and against [H&H and Vincent] on all of [H&H and Vincent's] claims against [them,] in favor of Thomas Tomei and against Vincent Tomei [] on Thomas['] counterclaim for conversion, in the amount of $34,224.58[,] and [] in favor of Thomas [] and against Vincent [] on Thomas['] counterclaim for breach of contract, **in an unspecified amount**. [*See*] Trial Court Decision, 11/30/17, at 1-3[.] [Specifically, the trial court found that Vincent's attempt to alter Thomas' position as H&H's president was without cause and without notice under the terms of the 2014 [E]mployment [A]greement. The court also found that Vincent's immoral conduct in creating multiple sets of shareholder books, manufacturing meeting minutes, and submitting unauthorized articles of amendment to the Pennsylvania Department of State without authorization amounted to "*in pari delicto*" and barred his claims for conversion, breach of contract, and breach of fiduciary duty against Thomas and Jeannette.]

_____

[3] The multiple claims included injunctive relief, breach of contract, breach of fiduciary duty, and conversion. *See* Plaintiffs' Third Amended Complaint, 5/18/16, at 5-16.

[4] Marie was married to Vincent and was shareholder and member of H&H's Board of Directors. Marie served as the Board's secretary at the time of Thomas' termination.

***H&H Manufacturing Co. v. Tomei***, 1982 EDA 2020, at *2-3 (Pa. Super. filed Nov. 12, 2021) (unpublished memorandum decision) (citation omitted; footnote omitted; emphasis added); ***see also*** Trial Court Opinion, 10/9/24, at 5-6. Notably, the trial court's November 30, 2017 decision states, in pertinent part, that:

> Pursuant to Pa.R.C.P. 227.4, the Office of Judicial Support[5] shall enter judgment in favor of Defendant, Thomas R. Tomei, and against Plaintiff, Vincent H. Tomei, on Thomas Tomei's claim for breach of contract, **plus costs and fees**, upon *praecipe*[,] if post-trial motions are filed within ten (10) days of the date of entry of this Decision or if post-trial motions are filed and the Court does not enter a dispositive order within one hundred twenty (120) days.

Decision, 11/30/17, at 2-3 (emphasis added; italics added); ***see also*** Trial Court's Findings of Fact and Conclusions of Law, 11/30/17, at ¶ 167 ("The [c]ourt finds in favor of Thomas Tomei and against Vincent Tomei on Thomas Tomei's claim for breach of contract for attorney[s'] fees and costs."). On December 8, 2017, the trial court amended its November 30, 2017 findings of fact and conclusions of law by discharging the court-appointed receiver, restoring control of H&H to Thomas, and instructing the parties to file post-trial motions within 10 days.

The parties filed timely post-trial motions. On April 18, 2018, the trial court denied Plaintiffs' and Intervenor's motions and granted, in part,

_____

[5] The Delaware County Office of Judicial Support performs the functions of the former Office of the Clerk of Courts and the Office of the Prothonotary. The office functions under one department head, with an additional Criminal Division and Civil Division. **See** https://www.delcopa.gov/ojs (last visited 6/9/26).

Defendants' motions by correcting two typographical errors from the court's original findings of fact and conclusions of law.[6]

On April 20, 2018, Thomas and Jeanette filed a *praecipe* with the Office of Judicial Support to enter judgment on the verdict in the amount of $1,407,749.07, which represented $34,224.58 for the conversion claim and $1,373.524.49[7] in attorneys' fees and costs they alleged were due for the breach of contract claim. **See** Pa.R.A.P. 227.4.[8] Defendants attached counsel's affidavit to the *praecipe*, which also characterized the total fees and costs as $1,373,524.49, averring that costs accounted for $83,110.39 of the total amount.[9] The affidavit did not itemize the costs and fees or allege that

_____

[6] Paragraph 35 was modified to correct the date and was revised and replaced as follows: "The 1983 Trust that expired in 2003 was effective. **See** Exhibit D-33. Moreover, paragraph 102 was modified to correct the date and was revised and replaced as follows: "On May 30, 2013, Vincent Tomei withdrew $34,224.58 from Citizens account ending in 3860 to pay for the personal tax liabilities that Thomas Tomei and H&H refused to pay." **See** Exhibit D-7. **See** Order, 4/18/18.

[7] The trial court, by order dated June 16, 2020, increased this amount to $1,516,048.95, to reflect interest.

[8] Pursuant to Rule 227.4, "the prothonotary shall, upon *praecipe* of a party[,] enter judgment upon . . . the verdict of a jury . . . if . . . one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within [120] days after the filing of the first motion." Pa.R.C.P. 227.4(1)(b).

[9] Counsel's affidavit consisted of the following:

> I, Lars J. Lederer, [E]squire, being duly sworn according to law, depose and say that the attorney fees and costs, paid or payable to the above[-]captioned matter, as of March 31, 2018, total **$1,373,524.49**, of which $83,110.39 were costs. The

*(Footnote Continued Next Page)*

they were reasonable. ***See*** *Praecipe* to Enter Judgment, at Exhibit B; ***see also H&H***, ***supra***, at *2.

Plaintiffs and Intervenor filed an appeal from the judgment following the court's order disposing of post-trial motions. ***See*** 1196 EDA 2018. In its Pa.R.A.P. 1925(a) opinion, the trial court stated that "[u]pon review of the docket, it appears that Plaintiffs[' p]ost-[t]rial [m]otion was never filed. Defendants, however, did file a [r]esponse to Plaintiffs[' p]ost-[t]rial [m]otion that was submitted to the parties and the [c]ourt." Trial Court Opinion, 7/10/18, at 4. The court also stated:

> **However, the trial court is in agreement with Appellants that there was no legal authority for the entr[y] of attorney[s'] fees** [and i]n the event that Appellants have waived their argument on attorney[s'] fees, then the [t]rial [c]ourt would respectfully request that the Superior Court remand the above-captioned case in order for a hearing to be held to determine the reasonableness, accuracy, and appropriateness of Appellants claimed attorney[s'] fees.

***Id.*** at 1-2 (emphasis added).

On appeal, our Court held that all issues on appeal were waived because "there is no evidence that Appellants delivered, mailed, or electronically transmitted their post-trial motion to the prothonotary and the certified record does not contain a post-trial motion from Appellants [and because Appellants] fail[ed] to file their Rule 1925(b) statement[.]" ***See H&H***, 1196 EDA 2018,

_____

submission of this affidavit is in support of the *Praecipe* for Entry of Judgment in the above[-]captioned matter.

Defendants' Affidavit of Fees and Costs, 4/20/18.

at *7, *10 (Pa. Super. filed May 22, 2019). H&H and Vincent filed a motion to correct the trial court docket to reflect that their post-trial motions and Rule 1925(b) statement had been properly filed. Following a hearing held on May 30, 2019, the trial court determined that, due to a clerical error, the motions and statement had not been filed of record. Testimony at the hearing revealed that because Appellants' post-trial motions and Rule 1925(b) statement were filed under seal, the Office of Judicial Support mistakenly failed to formally note these filings on the trial court docket which, in turn, resulted in their exclusion from the certified record on appeal.

On May 31, 2019, the court issued an order directing the Delaware County Office of Judicial Support to correct the docket and forward copies of it to the Superior Court. On June 4, 2019, a supplemental record, including the corrected trial court docket, was filed in the Superior Court. On June 5, 2019, H&H and Vincent filed a motion for reconsideration of our Court's decision, arguing that the procedural mistakes were "[d]ue to breakdown of the trial court's operations."[10] Appellants' Application for Reargument Seeking Panel Reconsideration Only, 6/5/19, at 5. On July 31, 2019, our Court denied reconsideration. The Pennsylvania Supreme Court denied H&H and Vincent's

---

[10] On June 5, 2019, our Court also denied Thomas and Jeannette's application for taxation of costs and reasonable counsel fees and delay damages, pursuant to Pa.R.A.P. 2744, without prejudice for them to file a bill of costs with the trial court prothonotary and to seek relief in the trial court to release the supersedeas bond. *See* Order, 1196 EDA 2018, at 1-2.

petition for allowance of appeal on February 12, 2020.[11]  **See H&H**, 224 A.3d 1264 (Pa. filed Feb. 12, 2020) (Table).

H&H and Vincent filed a motion to strike the *praecipe* to enter judgment on the basis that it lacked legal grounds.  **H&H**, 1982 EDA 2020, at \*6 (Pa. Super. filed Nov. 12, 2021).  Following argument, the trial court issued an order denying Plaintiffs' motion to strike on June 16, 2020, concluding it lacked the authority to disturb a judgment that had been affirmed by this Court.  On June 19, 2020, H&H and Vincent appealed from the trial court's order denying their motion to strike Defendants' *praecipe* to enter judgment, denying their emergency motion for stay of execution, denying their petition for reduction of supersedeas bond, and granting Defendants' petition for partial release of

_____

[11] H&H and Vincent filed an appeal, docketed at 1197 EDA 2018, from the April 19, 2018 judgment entered after the trial court denied their post-trial motions.  Our Court *sua sponte* quashed the appeal as "duplicative and unnecessary" due to the pending appeal at 1196 EDA 2028, but entered the order without prejudice for Appellants to raise any issue from that appeal at the appeal at 1196 EDA 2018.  **See** *Per Curiam* Order in 1197 EDA 2018, 6/25/18.  Subsequently, the executor *ad Litem* for the Intervenor Estate of Marie Tomei, Deceased, filed an appeal, docketed at 1198 EDA 2018, from the April 20, 2018 judgment entered after the court denied her intervenor motion for post-trial relief.  Our Court affirmed the judgment, finding all claims waived for failure to file a court-ordered Rule 1925(b) statement.  **See H&H**, 1198 EDA 2018 (Pa. Super. filed May 22, 2019) (unpublished memorandum decision).  Our Court denied reargument on July 31, 2019, and the Supreme Court denied allowance of appeal on March 16, 2020.  The Intervenor Estate of Marie Tomeim, Deceased, also filed an appeal, docketed at 1199 EDA 2018, from the court's April 18, 2018 order granting Defendants' post-trial motions.  Again, our Court *sua sponte* quashed the appeal as "duplicative and unnecessary" due to her Estate's pending appeal at 1198 EDA 2018 but entered the order without prejudice for the Estate to raise any issue from that appeal at the appeal at 1198 EDA 2018.  **See** *Per Curiam* Order in 1199 EDA 2018, 6/22/18.

superseades. On appeal, our Court granted Thomas' application to quash the appeal, but denied his request to enforce the judgment, without prejudice to Thomas' right to seek appropriate relief in the trial court. *See* Order in 1267 EDA 2020, 10/8/20.

On July 29, 2020, H&H and Vincent filed an emergency motion to strike the judgment as void *ab initio*, arguing that because the prothonotary's role is ministerial, it is not equipped to assess the substantive sufficiency of any filing and lacks the authority to enter a judgment that included fees that Plaintiff had never seen and the court had never authorized. *See* Emergency Motion to Strike the Judgment as Void *Ab Initio*, 7/29/20, at 1-2. On August 6, 2020, the trial court entered an order staying execution of the judgment pending resolution of the emergency motion. Following argument, the court denied the motion on October 14, 2020, on the basis that it lacked jurisdiction to strike a judgment previously challenged by Appellants and affirmed by this Court. *See* Trial Court Opinion, 12/2/20, at 4.

On October 19, 2020, H&H and Vincent filed a notice of appeal from the order denying their emergency motion to strike the judgment as void *ab initio*, claiming that it was entered by the Delaware County Office of Judicial Support based solely on an affidavit provided by Thomas and Jeannette. On November 11, 2021, our Court vacated the April 20, 2018 judgment, remanded the matter, and relinquished jurisdiction, stating:

> It is undisputed that the trial court's decision found a sum certain of $34,224.58 on Thomas'[] conversion action against Vincent and ordered the Office of Judicial Support to enter judgment for that amount. []*See* Decision, at 2, Paragraph 4[.] However, although

- 10 -

it directed the Office of Judicial Support to enter judgment in favor of Thomas on his breach of contract action, "plus costs and fees," the court made no specific factual finding as to the sum certain amount of Vincent's liability, Thomas'[] entitlement to [the costs and fees,] or their reasonableness, and Thomas and Jeannette offer no argument or evidence that any evidence of same existed." []*See id.* at 2, Paragraph 8[.]

When the prothonotary entered a judgment of $34,224.58, plus $1,373,524.49 in attorneys' fees and costs that was not previously rendered by the trial court, it was based solely on the affidavit of Thomas and Jeannette's counsel. This was outside the bounds of the prothonotary's authority, and the resulting void *ab initio* judgment must be stricken.

Hence, **we vacate the judgment and remand the case to the trial court for a hearing to determine the reasonableness, accuracy[,] and appropriateness of the fees and costs** [and] to make a specific finding as to [the] amount of fees and costs that should be awarded under the Rules.

*H&H*, 1982 EDA 2020, at *17-*18 (emphasis added; certain citations omitted).[12] Thomas and Jeannette filed an application for reargument from our Court's decision, which we denied on January 20, 2022. *See* Order, 1/20/22. On August 2, 2022, the Pennsylvania Supreme Court denied Thomas and Jeanette's petition for allowance of appeal. *See H&H*, 283 A.3d 172 (Pa. filed Aug. 2, 2022) (Table).

On December 16, 2022, Thomas filed a petition for counsel fees and costs, requesting a hearing "pursuant to the remand of the Superior Court and providing the Court with the evidentiary materials in support of his request." Thomas R. Tomei's Petition for Fees and Costs, 12/16/22, at 1-2. Pursuant to

_____

[12] Notably, in Plaintiffs' prior appeal, the trial court admitted that the prothonotary had no legal authority to award attorneys' fees to Defendants upon *praecipe*. *See* Trial Court Opinion in 1196 EDA 2018, 7/10/28, at 1-2, 12.

- 11 -

this Court's remand order, the trial court held hearings on July 19-20, 2023. At the hearings, Defendants called four witnesses and entered invoices, legal bills, and summaries of billing sheets into the record to support their claim for counsel fees and costs, totaling in excess of $2,014,373.01. *Id.* at 3.[13] The parties requested and were granted permission to file post-hearing memoranda and proposed findings, which the court examined prior to making its final decision.

The court ultimately concluded that the Superior Court's remand order did not "vacate[] all findings and conclusions of law entered by the trial court

_____

[13] Plaintiffs filed a petition to coordinate actions involving the parties that were pending in the Bucks County Court of Common Pleas and the Philadelphia County Court of Common Pleas into the jurisdiction of the Delaware County Court of Common Pleas. The trial court denied that motion and Plaintiffs appealed from that order, which was docketed at 1434 EDA 2023. On August 2, 2023, our Court quashed that appeal. *See Per Curiam* Order, 8/2/23. On August 22, 2023, our Court denied, without prejudice to present the claims to the trial court, Defendants' August 4, 2023 application seeking reasonable counsel fees and taxation of costs against Plaintiffs. On September 14, 2023, Thomas and Jeannette filed a petition for counsel fees against Vincent in the trial court, in the amount of $14,140.00, pursuant to Pa.R.A.P. 2744. *See* Pa.R.A.P. 2744 (appellate court may award, as further costs, damages as may be just, including a reasonable counsel fee and delay damages at rate of 6% per annum in addition to legal interest "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule"). In their petition, Thomas and Jeannette sought reimbursement for fees "expended in pursuing quashal of the frivolous appeal through the end of August 2023, plus costs incurred of $80.00." *See* Petition for Counsel Fees, 9/14/23, at 10-11. The trial court held a hearing on March 4, 2024, where Matthew Green, Esquire, testified on behalf of Thomas and Jeannette and introduced exhibits to support their request for $15,720.00 in attorneys' fees and costs for the appeal at 1434 EDA 2023.

in its November 30, 2017 [d]ecision and the April 18, 20[1]8 orders disposing of post-trial motions." Trial Court Opinion, 10/9/24, at 5. Accordingly, the trial court limited its order "to counsel fees and costs on the limited remand and did not review Plaintiffs' claim to re-examine all 2017 post-trial motions." *Id.* On June 26, 2024, the trial court entered the following order, which states, in relevant part:[14]

> [T]his [c]ourt hereby awards Defendant Thomas Tomei [a]ttorney['s f]ees and [c]osts for [the b]reach of [c]ontract action in the amount of two hundred and five thousand dollars ($205,000.00).
>
> This [c]ourt is intimately aware of the record, argument[,] and extensive [appellate] proceedings in this matter since assignment in 2015. This [o]rder is entered without prejudice for Thomas and Jeannette Tomei to seek reimbursement of all other [a]ttorney[s'] [f]ees and [c]osts in this proceeding in the action pending in the Philadelphia Common Pleas Court of Pennsylvania in April 2022, docket number 00742[,] which exists between the parties herein.

Order, 5/26/24, at 1-3.[15] The court based its $205,000.00 award on "Plaintiffs' argument to award a percentage of attorneys' fees incurred before and at trial for the single [b]reach of [c]ontract count" and also noted that

---

[14] The court's order also granted Thomas and Jeanette $5,000.00 in counsel fees and costs, pursuant to Pa.R.A.P. 2744, at the appeal docketed at 1434 EDA 2023, dated August 4, 2023, and against Plaintiff[,] the Estate of Vincent Tomei, Deceased. *See id.* at ¶ 5. That portion of the award is not affected by the disposition of the instant appeal.

[15] On August 5, 2024, Thomas and Jeanette filed a supplemental motion for attorneys' fees that remained pending before the trial court at the time of the instant appeal.

"this court's recollection and review of the non-jury trial evidence does not support the lodestar application." Trial Court Opinion, 10/9/24, at 6.[16]

Appellants filed timely notices of appeal in the joint appeal (docketed at 2032 EDA 2024 (Intervenor Estate of Marie) and 2033 EDA 2024 (H&H/Estate of Vincent)) and Cross-Appellants (Thomas and Jeannette) filed a timely cross-appeal (docketed at 2144 EDA 2024).[17] Both Appellants and Cross-Appellants have complied with Pa.R.A.P. 1925(b).[18]

_____

[16] The court also stated that, in the appeal at 1196 EDA 2019, it asked our Court to remand for a hearing "to determine Defendants' reasonable, accurate[,] and appropriate attorney[s'] fees [and that it did not seek] to strike its award of attorney[s'] fees and costs[.]" *Id.* Finally, the trial court noted that "pursuant to the coordinate jurisdiction doctrine[, it] must uphold the instruction [of] the Superior Court at number 1196 EDA 2018." *Id.* at 7. We do not fully understand the meaning of this statement, but would advise the trial court that under the coordinate jurisdiction rule, "upon remand for further proceedings, a trial court may not alter the resolution of a legal question **previously decided** by the appellate court in the matter." *Pollock v. Nat'l Football League*, 171 A.3d 773, 781 (Pa. Super. 2017) (emphasis added). As explained further *infra*, our Court never resolved the question of the legality of the fees and costs awarded for the breach of contract in the appeal at 1196 EDA 2018, but, rather, found all issues waived based on the incorrect belief that Plaintiffs had not filed post-trial motions or a Rule 1925(b) statement. *See infra* note 21.

[17] On February 21, 2025, our Court entered an order granting, in part, the Estate of Vincent Tomei's motion to release cash collateral, that was treated as an application for modification of terms of supersedeas pursuant to Pa.R.A.P. 1737(a)(4). *See* Order, 2/21/25. The order directed the trial court to modify the terms of the supersedeas, resulting in a final award of attorneys' fees and costs that amounted to 120% of $210,000.00, with $252,000.00 to remain in escrow. *Id.* Any excess amount remining in escrow was directed to be released within ten days of the date of the order. *Id.*

[18] Following remand by our Court in 1982 EDA 2020, the Intervenor Estate of Marie Tomei and Estate of Vincent Tomei filed post-trial motions. As of
*(Footnote Continued Next Page)*

- 14 -

Appellants/Cross-Appellees raise the following issues in the joint appeal

(2032 EDA 2020 and 2033 EDA 2020) for our consideration:

(1)     Whether the trial court erred in entering an award of attorney[s'] fees in favor of [Thomas and Jeannette,] as there was no legal authority for the entry of attorney[s'] fees under the American Rule[, which] permits fee shifting only under special circumstances that do not exist in this case?

(2)     Whether the trial court erred as a matter of law and abused its discretion by failing to grant [H&H and Vincent]'s request for judgment notwithstanding the verdict or a new trial on the ground that the trial court erred in finding that the 1986 Articles of Amendment of H&H [] were invalid in light of the fact that the 1986 Amendment fully complied with 15 Pa.C.S.[A.] § 1915?

(3)     Whether the trial court abused its discretion and erred as a matter of law by failing to grant judgment notwithstanding the verdict or a new trial on the ground that the trial court erred in excluding the 1994 Stock Redemption Agreement

_____

January 9, 2025, the trial court had not yet ruled on post-trial motions because the parties had filed the instant appeal on July 25, 2024. In its January 9, 2025 opinion, the court noted that the Estate of Vincent and the Intervenor Estate of Marie ultimately appealed the deemed denial of their respective post-trial motions at 3379 EDA 2024 (Vincent) and 3118 EDA 2024 (Marie), but that "a post-trial motion shall not be required when an appellate court has remanded a case for further proceedings **unless the appellate court has specified that the remand is for a complete or partial new trial or the trial court indicates in its order resolving the remand issues that a motion for post-trial relief is required**[.]" Trial Court Opinion, 1/9/25, at 2 (emphasis added). The trial judge further stated that because "[t]his jurist did not find the Superior Court [o]pinion [at] 1982 EDA 2020 as mandating post-trial practice and did not require the docketing of post-trial motions in its June 26, 2024 final order," post-trial motions were not required. *Id.* Our Court quashed both appeals at 3118 EDA 2024 and 3379 EDA 2024, noting that "[a]ll properly preserved issues with respect to the award of attorney[s'] fees and costs may be raised by [the Intervenor Estate of Marie Tomei and Estate of Vincent Tomei, Deceased] in [their] appeal[s] at 2032 EDA 2024 [and] 3379 EDA 2024[, respectively]. *See* Order in 3118 EDA 2024, 2/10/25; Order 3379 EDA 2024, 2/10/25.

from evidence because it was relevant on the following grounds: (i) it proved that H&H had two classes of common stock, common voting stock and common non-voting stock; and (ii) it proved that that Thomas [] had notice of H&H's two classes of stock?

(4) Whether the trial court abused its discretion and erred as a matter of law by failing to grant [H&H and Vincent] judgment notwithstanding the verdict or a new trial on the ground that the [t]rial [c]ourt erroneously found that the 1986 Articles of Amendment were invalid because Thomas [] did not receive notice of it, where the evidence clearly showed that the trusts created for the benefit of Thomas [], not Thomas Tomei individually, owned the stock of H&H in 1986, and thus that the trustee of said trusts, not Thomas Tomei as beneficiary, was the party required to be notified of the 1986 Articles of Amendment?

Designated Appellants'/Cross-Appellees' Brief, at 8-9. Cross-Appellants/Appellees raise the following claims for our review in the cross-appeal (2144 EDA 2024):

(1) Whether Vincent['s] and [Intervenor Estate of] Marie's current appeal fails insofar as it continues to raise issues which were waived in their [f]irst [a]ppeal and repeatedly rejected by this Court[?]

(2) Were the trial court's November 30, 2017 Findings of Fact and Conclusions of Law supported by competent evidence at trial[?]

(3) Whether the [c]ourt should have employed the [L]odestar method[19] of calculating reasonable attorneys['] fees[?]

_____

[19] A "'lodestar' is 'the product of reasonable hours times a reasonable rate.'" *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992) (citation omitted); *Krebs v. United Ref. Co. of Pa.*, 893 A.2d 776, 790 (Pa. Super. 2006). The court must consider the factors set forth in Pa.R.C.P. 1716 in calculating the lodestar. *Birth Ctr. v. St. Paul Cos.*, 727 A.2d 1144, 1160 (Pa. Super. 1999). The lodestar "should be reduced in proportion to time spent on distinct claims which do not produce [a] finding of liability." *Logan v. Marks*, 704 A.2d 671,
*(Footnote Continued Next Page)*

> (4) Whether the trial court abused its discretion where the amount of attorneys['] fees awarded was not supported by the Court's reasoning in its October 9, 2024 [o]pinion?

Cross-Appellants'/Appellees' Brief, at 4.[20]

Appellants first claim that the trial court erred in awarding attorneys' fees and costs to Thomas and Jeannette on the breach of contract claim, where fee shifting is only permitted under the American Rule in special circumstances that do not exist in the instant case.

Generally, litigants are responsible for their own counsel fees unless otherwise permitted by statute, agreement of the parties, or some other recognized exception to the general rule. **See Hart v. Arnold**, 884 A.2d 316, 342 (Pa. Super. 2005).[21] "This so-called 'American Rule' holds true 'unless

---

674 (Pa. Super. 1997). After finalizing the lodestar, the court may then apply a multiplier, i.e., enhancement. **Id.**

[20] Appellants/Cross-Appellees filed a second "First Brief—Designated Appellants' Brief on the Merits of the Appeal, raising three claims that are nothing more than an attempt to relitigate 2017 post-trial issues. **See** First Brief—Designated Appellants' Brief on the Merits of the Appeal (filed 5/27/25), at 4-5. They are not proper issues from the appeal of the trial court's order awarding attorneys' fees and costs after the remand order in 1982 EDA 2020. Nothing in our Court's remand decision at 1982 EDA 2020 permitted the trial record to be reopened. **See Carmen Enterprises, Inc. v. Murpenter, LLC**, 185 A.3d 380, 389 (Pa. Super. 2018) (internal citations, quotation marks, and brackets omitted) ("A trial court has an obligation to comply scrupulously, meticulously, and completely with an order of [the appellate court] remanding a case to the trial court. . . . Issues not included in the mandate cannot be considered by the trial court.").

[21] **See** 42 Pa.C.S.A. § 2503(7) (judicial code permitting award of attorneys' fees to party "as a sanction against another [party] for dilatory, obdurate[,] or vexatious conduct during the pendency of a matter"). Neither the court nor Defendants claim that attorneys' fees and costs, in the breach of contract

*(Footnote Continued Next Page)*

there is express statutory authorization, a clear agreement of the parties[,] or some other established exception.'" ***McMullen v. Kutz***, 985 A.2d 769,776 (Pa. 2009). In fact, parties may contract to provide for the breaching party to pay the prevailing party's attorneys' fees in a breach of contract action, but the court "may consider whether the fees claimed to have been incurred are reasonable and to reduce the fees claimed if appropriate." ***Vinculum, Inc. v. Goli Techs, LLC.***, 310 A.3d 231, 239 (Pa. 2024).

In ***Merlino v. Delaware County***, 728 A.2d 949 (Pa. 1999), our Supreme Court reiterated the well-established rule regarding the award of attorneys' fees:

> This Court has consistently followed the general, American rule that **there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception.** ***Chatham Communications, Inc. v. General Press Corp.***, [] 344 A.2d 837, 842 ([Pa.] 1975) (quoting ***Corace v. Balint***, [] 210 A.2d 882, 886-87 ([Pa.] 1965)); ***In re Kling***, [] 249 A.2d 552, 554 ([Pa.] 1969); ***Shapiro v. Magaziner***, 210 A.2d 890, 892 ([Pa.] 1965). ***See generally*** 42 Pa.C.S.[A.] § 2503(10) (providing that "a litigant is entitled to attorneys' fees as part of the taxable costs, only in circumstances specified by statute heretofore or hereafter enacted"). In the present case, Appellees contend that the terms of [s]ection 15(b) [of the Storm Water management Act (Act)] requiring the payment of "the expense of such proceeding" constitute the necessary statutory authorization.

_____

claim, were sought on the basis of subsection 2503. ***Cf.*** Defendants' Petition for Counsel Fees and Costs in 1434 EDA 2023, 8/4/23 (petition seeking counsel fees, delay damages, and taxable costs pursuant to Pa.R.A.P. 2741, 2742, 2743, and 2744 if appellate court determines an appeal is "frivolous" or "taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate[,] or vexatious").

> Certainly, as a matter of common parlance, attorneys' fees may be considered a form of "cost" or "expense" to a litigant. As noted, however, a statutory provision must be explicit in order to allow for the recovery of this particular form of expense. The General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other remedial enactments, and, had it intended to permit such recovery pursuant to the terms of [s]ection 15(b), could have done so in the Act. In the absence of such express statutory authorization, employment of the term "expense" in [s]ection 15(b) is insufficient to constitute a basis for the award of attorneys' fees under the Act.

*Id.* at 951 (emphasis added; footnote omitted). *See also Lavelle v. Koch*, 617 A.3d 319, 323 (Pa. 1992) ("We have consistently reaffirmed that in this Commonwealth, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.") (citations omitted).

Instantly, following trial, the court found that "Vincent Tomei's attempt to alter Thomas Tomei's position as H&H President was without cause and without notice under the terms of the parties' 2004 Employment [A]greement." Trial Court's Findings of Fact and Conclusions of Law, 11/30/17, at ¶ 166. Thus, the court found in favor of Thomas Tomei and against Vincent Tomei on Thomas' breach of contract claim, including attorneys' fees and costs. *Id.* at ¶ 167. In their post-trial motions, Plaintiffs, H&H and Vincent, argued that the parties' 2004 Employment Agreement was never formally admitted as a trial exhibit[22] and that "there was no other evidence offered with regard to the 2004 employment agreement or its

---

[22] The record reveals that the parties' 2004 employment agreement was attached to Thomas' answer as Exhibit E.

terms." **See** Plaintiffs' Post-Trial Motions, 12/27/17, at 10. Moreover, in his Rule 1925(b) statement in the appeal from the ruling on post-trial motions (1196 EDA 2018), Vincent claimed that there "was no legal authority for the entr[y] of an attorney[s'] fees." Trial Court Opinion, 7/10/28, at 6 (citing Plaintiffs' Rule 1925(b) Statement). Although the trial court stated in its Rule 1925(a) opinion in that appeal that Plaintiffs generally "failed to establish that the [t]rial [c]ourt erred as a matter of law or abused its discretion," the court acknowledged that it was "in agreement **that there was no legal authority for the entr[y] of attorney**[**s'**] **fees**." **Id.** at 1-2 (emphasis added).

The parties disagree on the scope of our Court's remand order in 1982 EDA 2020, which stated the trial court was to "determine the reasonableness, accuracy[,] and **appropriateness** of the fees and costs[]" and whether that language also includes a determination of the trial court's legal authority, in the first instance, to enter attorneys' fees and costs on the breach of contract action. **H&H**, 1982 EDA 2020, at *18 (emphasis added). **See** N.T. Remand Hearing, 7/19/23, at 34 (Defendants' counsel stating "[t]he only argument that is really being raised is [] somehow that the term [`]appropriateness'] means we reconsider whether or not the fees themselves should have been awarded"); **id.** at 44 (Defendants' counsel stating "Superior Court does not instruct us to determine if the fees should have been awarded to begin with [or] to reassess the legality of the fee award itself"); **but see id.** at 51 (Plaintiffs' counsel stating "there is certainly no basis under any law in Pennsylvania, whether it's a fee-shifting statute, lodestar, or anything that

- 20 -

allows a party to take action that is unauthorized, illegal, and has no factual support").

We find that the trial court's July 10, 2018 opinion, following the disposition of post-trial motions and the entry of judgment, is dispositive of this issue, wherein it states:

**II. April 23, 2018 Judgment Entered by *Praecipe***

Next, [Plaintiffs] argue that the April 23, 2018 judgment entered by [p]raecipe should be void as it was entered without the [t]rial [c]ourt's authority. [**Plaintiffs**] **state that there was no legal authority for the award and entrance of attorney[s'] fees under the American Rule, <u>or in the alternative</u>, in the event that the award of attorney's fees was proper, the judgment should be stricken because the [t]rial [c]ourt must hold a hearing to determine the reasonableness, accuracy, and appropriateness of claimed attorney[s'] fees.** The [t]rial [c]ourt's [d]ecision found in favor of Defendant Thomas Tomei and against Vincent Tomei on Defendant's claim for breach of contract. **The [c]ourt is in agreement with [Plaintiffs] that there is no legal authority for the award of attorney['s] fees for Thomas Tomei's breach of contract action** and would ask the Superior Court to remand the instant action back to the [t]rial [c]ourt to amend its decision. In the event that the Superior Court finds that [Plaintiffs] waived the issue of attorney[s'] fees by failing to contest them in their post-trial motions, the [t]rial [c]ourt still requests that the instant matter be remanded to determine the reasonableness, accuracy, and appropriateness of Appellees' claimed attorney[s'] fees.

Trial Court Opinion, 7/10/18, at 10-12 (bold and underline emphasis added). From the above-quoted language, it is clear that the trial court did not believe there was legal authority to award attorneys' fees and costs on the breach of contract claim under the American Rule—a completely separate and distinct argument (or, as the Plaintiffs stated, an alternative argument) from whether

- 21 -

the Delaware County Office of Judicial Support had the authority to enter judgment on Defendants' *praecipe* for the fees and costs.

Moreover, in our Court's prior remand decision in 1982 EDA 2020, we correctly pointed out the distinction between the two issues—the legal basis for award of attorneys' fees and a prothonotary's lack of authority to enter judgment for fees—stating:

> In this case, [] Thomas and Jeannette made the precise arguments that[:] quashal was appropriate because the Court's prior decisions affirming the judgment were the law of the case, and the appeal was procedurally improper because [] the trial court (and this Court) do not have the jurisdiction to "re-hash the merits of the case." [I]n this Court's *per curiam* order denying Thomas and Jeannette's requested relief, we addressed the arguments, finding that the appeal is not subject to quashal for want of appellate jurisdiction and is not barred by the law of the case doctrine because in the previous two appeals, the issue was whether the **praecipe** was improper due to the lack of legal support for it at trial to award attorneys' fees, which is a different question th[an that] raised here: whether the later judgment should have been stricken as void *ab initio* based on a defect on the face of the record; i.e., the prothonotary's lack of authority to enter a judgment for an amount not found and ordered by the trial court.

**H&H**, 1982 EDA 2020, at *13.[23]

_____

[23] Our resolution of the issue regarding whether there was legal support for the award of Thomas' attorneys' fees and costs on the breach of contract claim does not violate the law of the case doctrine. **See Commonwealth v. McCandless,** 880 A.2d 1262, 1267 (Pa. Super. 2005) (law of case doctrine refers to family of rules which embody concept that "court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter"). "Departure from [the law of the case] principles is allowed only in exceptional circumstances[,] such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence

*(Footnote Continued Next Page)*

Defendants/Cross-Appellants claim that where Plaintiffs waived all of their issues raised in the First Appeal, for failing to file post-trial motions and a Rule 1925(b) statement and then failing to correct the certified record, it remains the law of the case. **See** Appellees' Brief, at 27-28. Moreover, they claim that Vincent exhausted all of his available appellate remedies on these issues when he sought and was denied reargument and permission to appeal. **Id.** at 28.

Issue preservation "presents a question of law, and[, as such,] our standard of review is *de novo*, and our scope of review is plenary." **See Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020). Moreover, it is well-established that "P[ennsylvania] R[ule of] C[ivil] P[rocedure] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal." **See L.B. Foster Co. v. Lane Enterprises, Inc.**, 710 A.2d 55, 55 (Pa. 1998). **See Diamond Reo Truck Co. v. Mid-Pacific**

_____

giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." **Commonwealth v. Starr**, 664 A.2d 1326, 1332 (Pa. Super. 1995). Here, where the trial court corrected the record to reflect that Defendants did, in fact, timely file post-trial motions and a Rule 1925(b) statement in 1966 EDA 2018, Defendants raised the issue of a lack of legal basis to award attorneys' fees and costs consistently at the trial and appellate levels, the trial court admitted that "there was no legal authority for the entrance of attorney['s] fees," and no court has ruled on the merits of the issue to date, we consider this to be an exceptional circumstance, and, thus, the law of the case doctrine is inapplicable. **See S.G. v. R.G.**, 233 A.3d 903, 908 (Pa. Super. 2020) (where trial judge made no judicial determination after consideration of facts and law, there could be no law of the case or coordinate jurisdiction violation because "there was no prior legal resolution" of issue).

***Indus.***, 806 A.2d 423, 430 (Pa. Super. 2002) (reiterating "twofold purpose of post-trial motions: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review") (citation omitted).

First, we note that the trial court acknowledged Plaintiffs had, in fact, filed timely post-trial motions and a Rule 1925(b) statement of errors complained of on appeal based on the testimony of Angela Martinez, Esquire, the director of the Delaware County Office of Judicial Support.[24] At a hearing, Attorney Martinez testified that, even if Plaintiffs believed that their motion and statement were to be filed under seal pursuant to court order, "**we still should have docketed and imaged it and recorded it at that time, but did not**." N.T. Hearing, 5/30/19, at 55 (emphasis added); ***see id.*** at 50 (Q: "So, that indicates that the statement was, in fact, filed, docketed and it was part of your record, correct?" A: "It was, in fact, filed in the Office of Judicial Support in May of 2018 . . . and we did not enter it. [B]ut we still should have docketed it and imag[]ed it and recorded it at the time, but did not."). ***See***

---

[24] As Defendants correctly point out, Plaintiffs mistakenly filed the document under seal, using the header "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" on the first page of his post-trial motions and Rule 1925(b) statement. At trial, Defendants' counsel requested, and Plaintiffs' counsel did not object, to sealing certain financial reports to protect the company and its clients. ***See*** N.T. Trial, 3/7/17, at 32-34. Accordingly, the trial court issued an order permitting submissions under seal for various documents with regard to confidential corporate matters "in the best interest of the company." ***Id.*** at 34, 372-75. Apparently, Plaintiffs were under the impression these documents should also be filed under seal as per court order. ***See*** N.T. Hearing, 5/30/19, at 61-62.

*id.* at 57 (Attorney Martinez stating that while sealed documents may be in boxes in envelope in certified record on appeal, "this specific line item has not been brought to the attention of the appellate court" and she "would resubmit the record to the [S]uperior [C]ourt again with this item").

At the conclusion of the hearing, the trial judge framed the relevant legal issue as follows:

> I think the issue is if there was an error based upon the fact that someone in [the] O[ffice of] J[udicial] S[upport] thought this entire matter was under seal and that's what [Attorney] Martinez reflected in testimony here[, t]hat's the real issue I have to decide[—] **whether that was a clerical error or not and whether any of the parties were at fault [with regard to the] issue that [Attorney] Lederer raises**.

*Id.* at 62 (emphasis added).

On May 31, 2019, the day after the hearing, the court issued an order directing the Delaware County Office of Judicial Support to correct the docket and forward copies of the corrected docket to the Superior Court. In the order, the trial judge acknowledged that the trial court dockets shall be corrected and supplemented to "**reflect that all filings were properly filed and time-stamped with the Office of Judicial Support, specifically, Plaintiffs' Post-Trial Motions and Concise Statements of** [**Errors**] **Complained of on Appeal and Intervenor's Concise Statement of** [**Errors**] **Complained of on** [**A**]**ppeal**." Order, 5/31/19 (emphasis added).

On June 4, 2019, a letter and supplemental record, including the corrected docket, was sent to the Superior Court Prothonotary by the Delaware County Office of Judicial Support. The letter states:

Pursuant to our attached order of the Honorable Spiros Angelos[,] dated May 31, 2019, attached please find a newly printed version of the docket in the above[-]captioned case. As you will see, we have, with court permission, altered the docket entries for three post-trial motions from December, 2017. We added additional information to make clear the title of the documents, the name of the filer, and the date of filing. This information was previously not docketed, docketed incompletely, or docketed under seal in such a way as to not be viewable. Specifically, we are referring to the hand-numbered items 380, 381[,] and 381A. Attached is the version sent most recently on May 23, 2019[,] and the updated version of the same materials.

Office of Judicial Support Letter by Andela L. Martinez, Esquire, 6/4/19. Thus, the trial judge ultimately determined that the lack of notation on the trial court docket with regard to the filing of Plaintiffs' post-trial motions and Rule 1925(b) statement was a result of clerical error, not the fault of Plaintiffs. *See Rothstein v. Polysciences, Inc*., 853 A.2d 1072, 1075 (Pa. Super. 2004) ("Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties."). *See also Commonwealth v. Mount*, 93 A.2d 887, 888 (Pa. Super. 1953) ("Clerical errors or inaccuracies in docket entries [or orders] may be corrected by the trial court so that they conform to the facts.").

After an exhaustive review of the record, we conclude that the Plaintiffs have, in fact, preserved the issue of whether the trial court had a legal basis to award Defendants attorneys' fees and costs on the breach of contract claim. *See Merlino*, *supra*. Plaintiffs first raised the issue in their post-trial motions, which the trial court found were timely filed, and then have consistently raised

the issue on appeal in their Rule 1925(b) statements[25] and appellate briefs, including the instant appeal/cross-appeal. **See** 1196 EDA 2018, 1197 EDA 2018, 1270 EDA 2018, 1267 EDA 2020, 1982 EDA 2020, and 2033 EDA 2024, **supra**. As they have preserved this claim but not yet had review on the merits, we remand the matter for a full hearing on the issue.

Although we realize that this disposition will further protract the already lengthy and exhaustive record in this case, we cannot ignore the trial court's own acknowledgement that "**that there was no legal authority for the entrance of attorney**['**s**] **fees**." Trial Court Opinion, 7/10/18, at 1-2.[26] Despite the trial court's subsequent statement, more than six years later to the contrary, that it did not admit that the attorneys' fees and costs award

_____

[25] Although Thomas argued that Plaintiffs waived the issue in their post-trial motions, **see** Appellee's Brief in 1196 EDA 2018, at 6, 56-57, he is incorrect. While not artfully worded, in their post-trial motions Plaintiffs state that the trial court "erred in concluding that Thomas should be granted judgment against Vincent on Thomas' claim for breach of contract, **plus costs and fees**," where there "was no other evidence offered with regard to the 2004 employment agreement **or its terms**." Plaintiffs' Post-Trial Motions, 12/27/17, at 10 (emphasis added). **See also** Plaintiffs' Pa.R.A.P. 1925(b) Statement in 1196 EDA 2018, 5/21/18, at 2 ("The attorney[s'] fees awarded under the April 23, 2018 [j]udgment entered by [p]raecipe are void and should be stricken because there was no legal authority for the entrance of an attorney[s'] fee award under the [h]onorable [t]rial [c]ourt's [d]ecision or the American Rule.").

[26] On remand, we instruct the trial court to fully explain its rationale for concluding that there is a legal basis for the award of attorneys' fees and costs on the breach of contract claim. If, in fact, the 2004 employment agreement formed the basis for the breach of contract and concomitant award of attorneys' fees and costs, we direct the court to demonstrate where the agreement authorizes such an award.

should be stricken post-trial, the record speaks for itself. **See** Trial Court Opinion, 10/9/24, at 6-7. The court clearly distinguished between the two issues in its Rule 1925(b) opinion—legal authority to award fees and costs and prothonotary's authority to enter judgment on fees and costs award. **See** Trial Court Opinion, 7/10/18, at 2. Moreover, the court specifically stated that it agreed with Plaintiffs that there was no legal authority for the award of attorneys' fees for Thomas Tomei's breach of contract action under the American Rule. **Id.** at 1-2.

Thus, we vacate the judgment entered on the verdict in the amount of $205,000.00, representing attorneys' fees and costs for the breach of contract action, in favor of Thomas. Within thirty days of the remittal of the record, the trial court shall have a full hearing on the issue of the legal basis for the imposition of attorneys' fees and costs for breach of contract under the facts of this case. At the hearing, the court shall receive evidence specifically bearing on whether the parties' 2004 employment agreement, express statutory authorization, or another established exception to the American Rule authorizes such fees and costs.[27] **McMullen**, **supra**.[28]

_____

[27] Relatedly, the issue of whether that agreement was properly entered as an exhibit at trial shall be determined, if relevant. **See** N.T. Remand Hearing, 7/20/23, at 95 (court not accepting employment agreement into record at hearing). **See supra** notes 26-27.

[28] Because we must remand for a hearing to determine the legality of attorneys' fees and costs in the first instance, we need not reach the remaining issues raised by the parties. The remainder of Plaintiffs' issues (2-4) concern trial matters that are not relevant to our Court's prior remand order. **See**
*(Footnote Continued Next Page)*

Judgment vacated. Case remanded for further proceedings in accordance with the dictates of this decision. Jurisdiction relinquished.

Stevens, P.J.E., Joins this memorandum.

Sullivan, J., Concurs in the Result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2026

---

*supra* note 20. Moreover, we have addressed Defendants' first issue regarding waiver, and their second issue inappropriately asks that we reexamine the trial court's findings of fact from its original verdict. **See id.** Finally, because the remainder of Defendants' issues (3-4) will be directly affected by the evidence produced at the hearing on remand from this decision, any decision on them would be purely advisory.